JOHN ANDERSON & others *vs.* JAMES P. BRUNER & others.

A principal wrote to his agent that he proposed to "place" his goods at a certain price. *Held*, that this gave the agent no authority to warrant that his principal would not sell for a less price.

CONTRACT. Trial in the Superior Court, before *Lord*, J., who at the close of the plaintiff's evidence reported the case to this court upon the agreement of the parties that if, upon the plaintiffs' evidence, they were entitled to recover, the question of damages should be referred to an assessor ; if otherwise, judgment should be entered for the defendant.

*T. H. Sweetser & W. S. Gardner*, for the plaintiffs.

*H. C. Hutchins & H. H. Currier*, for the defendants.

CHAPMAN, C. J. This is an action to recover the sum of $3000 damages, which the plaintiffs allege was lost by them on the sale of twenty-five cases of balmoral skirts sold to them by the defendants, through Perry & Wendall, of Boston, commission merchants, and acting as the special agents of the defendants for the sale of the goods. The defendants were manufacturers of such goods at Philadelphia. The sale was made in June 1866, in two separate bills. The goods were designed for the fall trade, and it was early and out of season. The inducement to buy was that the defendants offered to sell the goods at $34 per dozen, which was a reduction of $2 per dozen from the defendants' usual selling price, and the plaintiffs say that the defendants made a guaranty that their prices after the 1st of July should not be less than $36 per dozen. If such guaranty was made, it was made by the agents. It is denied that it was made, and also that the agents had authority to make it. Whether they had such authority is the first question that arises in the case. The evidence on this point consists of letters written by the defendants to their agents.

The letter of Perry & Wendall to the defendants of June 23, says: "We suppose it is your intention to put the July prices at $36, less $\frac{5}{100}$." The reply of June 25 says: "After the first of July, we propose placing our goods at $36, 5 per cent., thirty

days." Perry & Wendall say, June 25: "These people will take the goods under the idea that you mean to stick for 36, less ₁⁶₀₀, or 36 net, at the earliest possible day." June 26, the defendants, to Perry & Wendall, say: "After the 1 of July we propose placing our goods at 36 net in place of 36, 5 off, as our letter will read." Perry & Wendall say, June 28: "Yours of 26 is received, and we note that $36 net will be your price on and after July 1."

Mr. Wendall testifies that the letters which have been read contain all the authority he had from Bruner & Sons, and that he had no intercourse with Mr. Bruner except through these letters, and says that he made the sale on no express condition or warranty.

We cannot construe the letters as authorizing the agents to make a guaranty or warranty. They express the mere intention, expectation and belief of the defendants in regard to the prices named, subject to their ability to obtain them. The answers of the defendants to interrogatories throw no light upon the matter.

*Judgment for the defendants.*